# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN F. CANIZALES RAMIREZ, <br><br> Defendant. | Case No.: 10cr03891 JAH <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** <br> **[Doc. No. 36, 39]** |

Pending before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. section 3582. See Doc. Nos. 36, 39. The government opposes the motion.

## BACKGROUND

On May 26, 2011, a jury convicted Defendant of importation of methamphetamine in violation of 21 U.S.C. sections 952 and 960, and found the methamphetamine weighed in excess of 500 grams. See Doc. No. 23. At the sentencing hearing, this Court sentenced Defendant to 180 months imprisonment followed by five years of supervised release. See Doc. No. 34. Defendant now seeks a reduction of his sentence.

## DISCUSSION

Defendant seeks a two-point reduction of his base offense level pursuant to Amendment 782 which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. He maintains Amendment 782 reduces his

1

guideline range to 33 to 41 months. The government maintains Defendant received a sentence which included a substantial variance from his guideline range of 262 to 365 months. The government argues Defendant is not entitled to a further reduction because his guidelines do not change.

Under section 3582(c), a court may modify a term of imprisonment "if a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court conducts a two-step analysis when proceeding under section 3582(c)(2): step one requires a court to determine the defendant's eligibility for modification and extent of reduction by determining what the guideline range would have been if the amendment had been in effect at the time of sentencing, and step two instructs a court to consider any applicable section 3553(a) factors and determine whether the reduction is warranted. Dillon v. U.S., 560 U.S. 817, 827 (2010).

At the sentencing hearing, the Court found Defendant had a base offense level of 38 which was enhanced by 2 levels for importation of methamphetamine and a criminal history category of I, resulting in a guideline range of 292 to 365 months. His amended guideline range based upon 7.08 kg of actual methamphetamine remains unchanged. As such, Defendant is not entitled to a reduction of his sentence.

Accordingly, IT IS HEREBY ORDERED Defendant's motion for reduction of sentence is **DENIED**.

DATED: October 24, 2018

_____
JOHN A. HOUSTON
United States District Judge